IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 27, 2019

**STATE OF TENNESSEE v. DUSTIN HERRING**

**Appeal from the Circuit Court for Sevier County**
**Nos. 32160, 23075, 22639  Rex H. Ogle, Judge**

_____

**No. E2018-00972-CCA-R3-CD**

_____

The Defendant-Appellant, Dustin Herring, appeals from the order of the Sevier County Circuit Court revoking his probation and ordering him to serve the balance of his sentence in confinement.  In this appeal, the Defendant contends that the trial court abused its discretion in doing so because the new arrests supporting the violation of probation had been dismissed in general sessions court.  Upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Amber D. Haas (on appeal) and Aaron M. Kimsey (at hearing), Assistant District Public Defenders, for the Appellant, Dustin Herring.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; Jimmy B. Dunn, District Attorney General; and Ronald C. Newcomb, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On July 18, 2017, the Defendant entered guilty pleas to aggravated domestic assault, aggravated assault, and theft over $1,000, for which he received an effective sentence of four years, to be served on probation after 200 days in confinement.  On January 13, 2018, a probation violation report was issued, alleging that the Defendant violated the following rules:

Rule #1:  The defendant was arrested on or about 1/9/2018 in Knox County and charged with Light Law - Motor Vehicle; Driving while License

Revoked; Theft (up to $1,000); Possess Firearm with Intent to go Armed; Meth - Mfg, Del, Sale, Poss with Intent; Simple Possession; and Possession Drug Paraphernalia.

Rule #3: The defendant was in possession and/or transporting a firearm on or about 1/9/2018, to wit: there was a loaded handgun in the glovebox of the vehicle he maintained control over at the time of the arrest on the aforementioned date.

Rule #6: The defendant failed to report as directed on or about 11/30/2017 at 8 AM for a drug screen.

Rule #6: The defendant failed to report as directed on or about 12/6/2017.

Rule #8: The defendant reported for intake on or about 11/29/2017 and failed to produce a sample for a drug screen as directed. The defendant was ordered to return the next morning at 8 AM on or about 11/30/2017 and did not report until approximately 2 PM.

Rule #9: The defendant has failed to pay Supervision fees (owing $412.00)

Rule #14: The defendant behaved in a manner that poses a threat to himself or others, to wit: on or about 1/9/2018 the defendant was in possession and/or transporting a firearm with the intent to go armed.

The trial court issued a warrant for the Defendant's arrest on February 26, 2018. On February 28, 2018, the Defendant was released on bail and ordered to abide by the following conditions: "Report weekly to probation while on bond, complete a new alcohol & drug assessment & follow recommendations. Appear new court date in Sevier County 5/17/18. Comply with all other conditions of probation." On March 19, 2018, an amended probation violation report was issued, alleging that the Defendant committed the following probation rule violations:

Rule #1: On or about March 9, 2018 the defendant was arrested and charged with Unlawful Possession of a Weapon in Sevier County, TN.

Rule #5: The defendant failed to report within 72 hours of being released from incar[]ceration. The defendant was released on or about March 3, 2018.

The trial court issued another warrant for the Defendant's arrest on March 26, 2018.

On May 17, 2018, the trial court conducted a probation violation hearing during which the State explained the status of the Defendant's multiple warrants as follows:

> Your Honor, the status of this is there's a violation of probation warrant issued on the dates reflected in the file. And I looked at this morning but I didn't see the date. A couple of days ago -- the basis of the violation is a failure to report and new charges. A couple of days ago those two warrants were dismissed for the State for failure to prosecute. Apparently there was a miscommunication about the date with regard to the witnesses for the preliminary hearing in sessions court. The State intends to take those to the grand jury, and I have the officer here to testify about the substance of that arrest as well as the probation officer.

In response, defense counsel argued that because the underlying charges had been dismissed, the probation violation hearing should not go forward. The trial court stated, and defense counsel agreed, that the Defendant was not entitled to a preliminary hearing as there were no longer any pending charges against the Defendant. Defense counsel further agreed that, as a matter of law, the State was not required to charge the Defendant with an offense in order to proceed with the probation revocation hearing. The trial court then allowed the State to amend the warrant, wherein the State alleged that "on or about February 26, 2018, [the Defendant] was a felon in possession of a weapon[.]"

Officer Lucas Atchley of the Pigeon Forge Police Department testified that he responded to a report of a stolen car, located the stolen car, and identified the driver as the Defendant. Officer Atchley conducted a warrant check which revealed the Defendant had a warrant for violation of probation and a revoked driver's license. Officer Atchley arrested and searched the Defendant, revealing two .357 bullets in the Defendant's pocket. Officer Atchley then searched the stolen car, found "a stolen .357 Sig firearm" in the glovebox, and confirmed that the bullets in the Defendant's pocket matched the stolen gun. Officer Atchley explained that the Defendant was charged based on his revoked driver's license but not on the stolen car. He also explained that he appeared at the first general sessions court hearing, that it was reset to another date, and that he was not notified of the new hearing date.

On cross-examination, Officer Atchley testified that he had not yet conducted fingerprint testing on the gun or bullets and conceded that the Defendant did not claim possession of the gun. Officer Atchley confirmed that the Defendant's father was also in the car with him.

The Defendant's probation officer testified that she requested two warrants for the Defendant based on his failure to report and failure to report as directed. She explained:

- 3 -

[The Defendant] reported on November the 29th and was asked to give a drug screen. He failed to give a drug screen on that date. He was told to come back on the 30th at 8:00 a.m. to give a drug screen. He showed up about 2:00 [p.m.] on the 30th, so that's failure to report as directed. But he did show up on the 30th. He was given another appointment on that date to show up on December the 6th, and he did not show up on December the 6th.

She also explained that the Defendant had failed to pay his court costs and his supervision fees. On cross-examination, the probation officer testified that the Defendant did not report his criminal charges to the probation officer but conceded that he was in jail at that time.

At the conclusion of the hearing, the trial court made the following findings:

[T]he Court does find that at the time that Officer Atchley made contact with the defendant, that he had shells from a .357 in his pocket, that there was a .357 weapon in the car at the time, and the Court thinks that circumstantially that the possession of the bullets in his pocket is circumstantially evidence that he was in possession of that .357 that was in the car with him.

Based on the Defendant's possession of a weapon, the trial court revoked the Defendant's probation and ordered him to serve the balance of his sentence in confinement. It is from this order that the Defendant now appeals.

**ANALYSIS**

On appeal, the Defendant argues that the trial court abused its discretion by revoking his probation and ordering confinement for the balance of his sentence. Specifically, the Defendant asserts that the trial court improperly revoked his probation based on charges that were previously dismissed by the general sessions court. The State contends, and we agree, that revocation was proper.

After determining that a defendant "has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of sentence, and [c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise, in accordance with § 40-35-310[.]" Tenn. Code Ann. § 40-35-311(e)(1)(A). Probation revocation rests within the sound discretion of the trial court, and this court will not disturb the trial court's ruling absent an abuse of that discretion. State v. Shaffer, 45 S.W.3d 553, 554-55 (Tenn.

- 4 -

2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, the defendant must show "that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." Harkins, 811 S.W.2d at 82 (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Once the trial court decides to revoke a defendant's probation, it may (1) order confinement; (2) order the sentence into execution as initially entered; (3) return the defendant to probation on modified conditions as necessary; or (4) extend the probationary period by up to two years. See State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999) (citations omitted); State v. Larry Lee Robertson, No. M2012-02128-CCA-R3-CD, 2013 WL 1136588, at *2 (Tenn. Crim. App. Mar. 19, 2013); State v. Christopher Burress, No. E2012-00861-CCA-R3-CD, 2013 WL 1097809, at *6 (Tenn. Crim. App. Mar. 18, 2013); Tenn. Code Ann. §§ 40-35-308, -310, -311.

Here, the record supports the trial court's order of revocation based on the Defendant's conduct while on probation. The evidence at the probation violation hearing established that, while on probation, the Defendant was observed exiting a stolen car. Upon exiting the car, he was searched and found to possess two .357 bullets in his pocket, which matched the caliber of the gun later found in the glovebox of the stolen car. While this evidence was circumstantial, the trial court determined, and we agree, that it was sufficient to show that the Defendant was in possession of the gun. Although the Defendant argues that the trial court improperly based its revocation of probation on charges that no longer existed, defense counsel conceded at the probation violation hearing that the State adequately amended the warrant and remedied any procedural issues with the dismissed charges. Moreover, this court has previously held that a trial court may revoke a defendant's probation based upon proven allegations of a violation warrant, even if the charges have been dismissed. State v. Agee Gabriel, No. M2002-01605-CCA-R3-CD, 2004 WL 1562551, at *2 (Tenn. Crim. App. July 12, 2004) (holding that "validity of the original warrant was not affected by the dismissal of the criminal charges arising from the acts alleged in the warrant"); State v. Larry D. Turnley, No. 01C01-9403-CR-00094, 1994 WL 714227, at *3 (Tenn. Crim. App. Dec. 22, 1994) ("The fact that the Defendant was not convicted of any of the offenses with which he was charged does not mandate dismissal of the probation violation warrant."); Delp, 614 S.W.2d at 396-97 (revocation may be based upon criminal acts alleged in a violation warrant even though the defendant was acquitted of charges for the underlying acts). Accordingly, we conclude that the trial court did not abuse its discretion in revoking the Defendant's probation and ordering him to serve the balance of his sentence incarcerated. The Defendant is not entitled to relief.

## CONCLUSION

Based upon the foregoing reasoning and analysis, we affirm the judgment of the trial court.

_____
CAMILLE R. MCMULLEN, JUDGE